IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID F. BROWN, #17579, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-00886-JPG |
| | ) |
| MADISON COUNTY SHERIFF'S | ) |
| OFFICE and MADISON COUNTY | ) |
| JAIL ADMINISTRATION AND STAFF, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff David F. Brown, a detainee in Madison County Jail, filed two complaints stemming from the same incident in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, Case No. 2022-MR-000048 (filed January 31, 2022) ("first complaint") and Case No. 2022-LA-000391 (filed March 18, 2022) ("second complaint"). This case involves only the first complaint. In it, Plaintiff sues Madison County Sheriff's Office and Madison County Jail Administration and Staff ("Defendants") for violations of state criminal law in connection with their handling of inmates during the COVID-19 pandemic. (Doc. 1-1). Plaintiff asks that the Illinois State Attorney's Office and Madison County Circuit Court bring a criminal complaint against the defendants for attempted first degree murder in violation of 720 ILCS 5/8-4(A) and for criminal recklessness in violation of 720 ILCS 5/12-5(a)(2). (*Id*.). He seeks no other relief.

On April 29, 2022, Defendants removed the case to this Court on the basis of original federal question jurisdiction under 28 U.S.C. §§ 1441 and 1446. (Doc. 1). Plaintiff made no objection to removal. Because this Court lacks subject matter jurisdiction, however, the case will be remanded to state court.

1

**The Complaint**

In his complaint, Plaintiff alleges that Madison County Sheriff's Office and Madison County Jail Administration and Staff committed attempted first degree murder when jail officials placed a pretrial detainee known to have COVID-19 in the same cell block with pretrial detainees who were not COVID-positive.  (Doc. 1-1, pp. 2-7).  More than half of the detainees became ill with COVID-19, including Plaintiff who suffered from massive headaches, chills, fever, runny nose, scratchy throat, blurred vision, and body aches and pain, among other symptoms.  Acting on behalf of himself and similarly situated persons, Plaintiff asks that the Illinois State Attorney's Office and Madison County Circuit Court bring criminal charges against the defendants under Illinois state law.  (*Id.*).

**Discussion**

A defendant may remove any civil action from State court to the federal district court embracing the place where the action is pending, if the action is one over which the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  District courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In other words, a suit based on federal law may be removed to federal court.  28 U.S.C. § 1441(b).

This is true whether the plaintiff actually pleads his claims under state or federal law.  *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1075 (1992).  The Seventh Circuit Court of Appeals put it this way in the context of removal:

> Usually the plaintiff is master of his pleadings. The complaint stakes out a claim, and the allegations of the complaint determine whether the claim arises under state or federal law. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). If the complaint invokes state law, and the defendant believes that federal law supplies a defense, the court in which the plaintiff files the suit will determine the validity of the defense. When the parties are citizens of the same state, the process is simple. Plaintiff picks a theory (state or federal); the theory prescribes the appropriate court, which describes the case (including the defenses).

> Sometimes, however, federal law so fills every nook and cranny that it is not possible to frame a complaint under state law.  An effort to invoke nonexistent state law is no different from a spelling error. . . . [For example,] a complaint about pensions rests on federal law no matter what the label its author attaches.  Any suit based on federal law may be removed to federal court.  *See* 28 U.S.C. § 1441(b).

*Bartholet*, 953 F.2d at 1075 (citations omitted).

This suit is not based on federal law at all.  Plaintiff explicitly seeks criminal prosecution of the defendants under state law.  He requests that a criminal complaint be brought against them for attempted first degree murder under 720 ILCS 5/8-4(A) and for criminal recklessness under 720 ILCS 5/12-5(a)(2).  The complaint belongs in Illinois state court.

In their Notice of Removal (Doc. 1), Defendants characterize Plaintiff's first and second complaints, together, as actions under 42 U.S.C. § 1983 that include a state law claim for attempted first degree murder (first complaint) and a federal constitutional claim for deliberate indifference to serious medical needs (second complaint).  (Doc. 1).  Defendants maintain that this "entire action" is removable on the basis of original federal question jurisdiction.  *Id*. (citing 28 U.S.C. § 1441(a)).  According to the statute governing federal question jurisdiction, federal courts have original jurisdiction over claims "arising under the Constitution, treaties, or laws of the United States."  28 U.S.C. § 1331.  As Defendants correctly point out, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  No federal question is presented in the first complaint, which focuses entirely on prosecuting the defendants for alleged crimes.  The defendants point to no other grounds for removal.  Under the circumstances, this matter will be remanded.

The second complaint focuses on a federal question, *i.e.*, an Eighth Amendment claim against the defendants for exposing Plaintiff to an inmate who tested positive for COVID-19. However, the second complaint is not part of this action. It is the subject of any entirely separate case pending in this federal judicial district: *Brown v. Lakin, et al.*, Case No. 22-cv-00887-JPG (S.D. Ill.). Therefore, the Court will not address the second complaint here.[1]

## Disposition

**IT IS ORDERED** that this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois (Case No. 2022-MR-000048), pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

The Clerk is **DIRECTED** to **TERMINATE** the pending Motion for Recruitment of Counsel (Doc. 10), **CLOSE** this case, **ENTER** judgment, and **MAIL** a certified copy of this Order to the clerk of the state court.  *See* 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

**DATED: 9/12/202**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

---

[1] Had Plaintiff brought both claims in a single complaint, the defendants could have removed the entire action, despite its inclusion of "[a] claim arising under the Constitution, laws, or treaties of the United States (within the meaning of 28 U.S.C. § 1331 of this title)" *and* a claim that is "not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute. 28 U.S.C. § 1441(c)(1)(a)-(b). *Id*. Upon removal, this Court would simply sever the nonremovable claim (*i.e.*, state prosecution claim) from the action and remand it to state court. This action would then focus on the claim over which the Court has original federal question jurisdiction (*i.e.*, Eighth Amendment claim).